IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Evelyn Class,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No:** |
| v. | ) | |
| | ) | |
| **Regional Adjustment Bureau, Inc., a** | ) | |
| **Tennessee Corporation; Jones Wood,** | ) | |
| **Individually, and as Agent, Apparent Agent,** | ) | |
| **Servant, and/or Employee of Regional** | ) | |
| **Adjustment Bureau; and Agent Lisa,** | ) | |
| **Individually, and as Agent, Apparent Agent,** | ) | |
| **Servant, and/or Employee of Regional** | ) | |
| **Adjustment Bureau, Inc.** | ) | |
| | ) | **JURY DEMANDED** |
| **Defendants.** | ) | |

## COMPLAINT AT LAW

**NOW COMES** the **Plaintiff**, **Evelyn Class,** by her Attorneys, Robert J. Semrad & Associates, L.L.C., and pursuant to this Complaint at Law, states the following against the above named **Defendants**, to wit: **Regional Adjustment Bureau, Inc.; Jones Wood; and Agent Lisa:**

## JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Venue is proper as the actions that give rise to this complaint occurred, **Plaintiff** resides, and **Defendants** conduct business within this District.

1

## PARTIES

2. **Plaintiff, Evelyn Class** (hereinafter "**Plaintiff**")**,** is a natural person, a citizen of the County of Cook, State of Illinois, and United States of America, and is a "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3).

3. Defendant, **Regional Adjustment Bureau, Inc.** (hereinafter, "**RAB**") is a Tennessee Corporation that conducts business in the Northern District of the State of Illinois, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

4. **Defendant, Jones Wood,** is a natural person doing business in the County of Cook, State of Illinois, United States of America, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

5. At all relevant times **Defendant, Jones Wood,** was the agent, apparent agent, servant and/or employee of **RAB** and was acting in the course scope of her agency, servitude and/or employment.

6. **Defendant, Agent Lisa,** is a natural person doing business in the County of Cook, State of Illinois, United States of America, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

7. At all relevant times **Defendant, Agent Lisa,** was the agent, apparent agent, servant and/or employee of **RAB** acting in the course scope of her agency, servitude and/or employment.

## FACTUAL ALLEGATIONS

8. In 2008, **Plaintiff** incurred a debt to Seabank.
9. This debt was for personal use.
10. This debt was a "debt" as that term is defined by 15 U.S.C. § 1692(a)(5).
11. That thereafter, **Plaintiff** began to receive calls from **RAB'S** agents, apparent agents, servants, and/or employees attempting to collect on the aforementioned debt.

12. During these calls, **Plaintiff** informed said agents, apparent agents, servants, and/or employees of **RAB** of her bankruptcy and that she was represented by an attorney.

13. Some of the aforementioned calls were made by **Defendant, Jones Wood**, and were made to **Plaintiff's** place of employment.

14. One such call by **Defendant, Jones Wood**, was received by one of **Plaintiff's** co-workers at **Plaintiff's** place of employment.

15. During said call, said co-worker informed **Defendant, Jones Wood**, that **Plaintiff** was not allowed to accept personal calls at her place of employment.

16. Notwithstanding this information, **Defendant, Jones Wood,** and other agents, apparent agents, servants, and/or employees of **RAB** continued to place collection calls to **Plaintiff** at her place of employment, in violation of 15 U.S.C. §1692(c)(3).

17. During these calls, **Defendant** threatened **Plaintiff** negative credit reporting actions, was abusive, and made other threats to **Plaintiff.**

18. In July 2009, **Plaintiff** contacted **Defendant, Agent Lisa,** by telephone regarding the debt and the previous telephone calls to her place of employment.

19. During said phone call to **Defendant, Agent Lisa**, **Defendant, Agent Lisa** refused to give **Plaintiff,** her full name, in violation of 15 U.S.C. §1692

20. The aforementioned calls from **Defendants** to **Plaintiff** were collection communications in violation of numerous and multiple provisions of the FDCPA, as aforesaid.

21. As a direct and proximate result of the aforementioned actions, **Plaintiff** suffered injuries of a personal and pecuniary nature including, but not limited to: exacerbation of a pre-existing medical condition, anxiety, embarrassment, and emotional and physical harm.

22. As a result of **Defendants'** violations of the FDCPA, **Plaintiff** is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 per incident pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from **Defendants**.

**WHEREFORE**, **Plaintiff** prays that judgment be entered

- against **Defendants, RAB; Jones Wood;** and **Agent Lisa,** and in favor of **Plaintiff** for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- against **Defendants, RAB; Jones Wood;** and **Agent Lisa,** and in favor of **Plaintiff** for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

- against **Defendants, RAB; Jones Wood;** and **Agent Lisa,** and in favor of **Plaintiff** for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and;

- for any other such further relief as may be just and proper.

Respectfully Submitted,

/s/ Christian D. Elenbaas
Christian D. Elenbaas
ARDC 6291530
Robert J. Semrad & Associates, L.L.C.
*Attorneys for Plaintiff*
20 S. Clark St., 28th Floor
Chicago, Illinois 60603
Ph 312-913-0625 ext. 151
Fax 312-604-1543

4